## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NORTH STAR MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 15-CV-217-TCK-FHM ) |
| LORI HENDERSON-SCHULTZ, ISAAC EUGENE SCHULTZ, and JAYLENE ERWIN, | ) ) ) ) ) |
| Defendants. | ) |

### OPINION AND ORDER

Before the Court is Plaintiff's Motion for Summary Judgment and Brief in Support (Doc. 20).

**I.    Background**

For purposes of summary judgment, the following facts are undisputed. On February 14, 2013, Defendants Isaac Eugene Schultz ("Schultz") and Jaylene Erwin ("Erwin") were at the home of Defendant Lori Henderson-Schultz ("Henderson-Schultz"). Schultz is the son of Henderson-Schultz. Schultz and Erwin were handling a .40 caliber semi-automatic handgun. While Erwin was holding the gun, it discharged into Schultz's abdomen.

On December 18, 2014, Schultz filed a Petition in the District Court of Tulsa County, Oklahoma, alleging negligence against Erwin. *See Schultz v. Erwin*, Case No. CJ-2014-04826. On March 5, 2015, Erwin filed a counterclaim against Schultz for negligent infliction of emotional distress based on his own negligent and reckless handling of the handgun.

Plaintiff North Star Mutual Insurance Company ("North Star") insured Henderson-Schultz and her residence under a homeowners' insurance policy, Policy No. H573617 ("Policy"). The Policy provides, in part, as follows:

> **COVERAGE L - PERSONAL LIABILITY**
> "We" pay, up to the "limit" that applies, all sums for which an "insured" is liable by law because of "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies. "We" will defend a suit seeking damages if the suit resulted from "bodily injury" or "property damage" caused by an "occurrence" to which this coverage applies. Such defense will be provided at "our" expense by counsel that "we" choose. "We" may make investigations and settle claims or suits that "we" decide are appropriate. "We" do not have to settle or provide a defense after "we" have paid an amount equal to the "limit" that applies as a result of a judgment or written settlement.

(Pl.'s Mot. for Summ. J. 3.) On April 24, 2015, North Star filed a Complaint for Declaratory Judgment, requesting that the Court declare that North Star has no duty to defend or indemnify Schultz for Erwin's negligent infliction of emotional distress claim.

## II.   Summary Judgment Standard

Summary judgment is proper only if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the burden of showing that no genuine issue of material fact exists. *See Zamora v. Elite Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006). The Court resolves all factual disputes and draws all reasonable inferences in favor of the non-moving party. *Id.* However, the party seeking to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint but must "set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The party seeking to overcome a motion for summary judgment must also make a showing sufficient to establish the existence of those elements essential to that party's case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

**III.    Analysis**

With its Motion for Summary Judgment, Plaintiff seeks a declaration that it has no duty to defend or indemnify Schultz or Henderson-Schultz against claims alleged by Erwin in the Tulsa County action. Only a question of law requiring the interpretation of the Policy remains. *See Automax Hyundai S., LLC v. Zurich Am. Ins. Co.*, 720 F.3d 798, 804 (10th Cir. 2013) ("Determining whether an insurance contract is ambiguous and interpreting the terms of a contract are tasks for the court.").

"Under Oklahoma law, an insurance policy is a contract and is interpreted accordingly. Courts may not rewrite terms of the insurance policy and must give effect to all of the policy's provisions. If the terms of an insurance policy are clear and unambiguous, then those terms will govern." *Id.* (internal citations omitted). Plaintiff argues the plain language of the Policy excludes coverage for bodily harm arising from a mental or emotional injury, as opposed to a physical injury.

"Bodily injury," as defined in the Policy, clearly excludes bodily harm which arises from mental or emotional injury. Erwin does not dispute that she sustained no physical injuries during the shooting on February 14, 2013. Instead, Erwin alleges she suffered emotional injuries as a result of the shooting and that those emotional injuries have given rise to physical injuries.[1] The harm Erwin complains of is exactly the type of harm excluded from the definition of "bodily injury" in the Policy. No ambiguity exists in the Policy language which would permit another interpretation.

Erwin argues Oklahoma law recognizes claims for negligent infliction of emotional distress where mental anguish gives rise to physical suffering and seems to suggest this should trump the

---

[1] Specifically, Erwin claims she has experienced generalized anxiety disorder, post-traumatic stress disorder, and panic attacks as a result of the shooting. (Erwin's Resp. to Pl.'s Mot. for Summ. J. 4.)

language of the Policy. However, this argument is not persuasive. Oklahoma law defining the contours of a claim for negligent infliction of emotional distress has no bearing on the language contained in the Policy. Parties to an insurance contract are free to contract for or exclude coverage as they see fit. *See Am. Econ. Ins. Co. v. Bogdahn*, 89 P.3d 1051, 1054 (Okla. 2004) ("Parties are at liberty to contract for insurance to such risks as they see fit and they are bound by the terms of the contract."); *Dodson v. St. Paul Ins. Co.*, 812 P.2d 372, 377 ("The general declaration of insurance coverage, as established by the insurance policy and limited by its provisions, normally determines the insurance carrier's liability, and the insured's rights under the contract by indentifying what risks are covered and excluded by the policy.").

Accordingly, the Court finds that the language of the Policy defines "bodily injury" to exclude coverage for physical injury which arises from emotional or mental injury. The undisputed facts evidence that Erwin sustained no physical injury during the shooting. As such, Plaintiff is entitled to summary judgment on its declaratory judgment action. Plaintiff owes no duty to defend or indemnify Defendants Schultz and Henderson-Schultz against Erwin's claims in the Tulsa County action.

**V.     Conclusion**

For the foregoing reasons, Plaintiff's Motion for Summary Judgment and Brief in Support (Doc. 20) is GRANTED.

**SO ORDERED** this 4th day of April, 2016.

*/s/ Terence C. Kern*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE